BAKER, Judge,
dissenting.
[41] I respectfully dissent. I agree with the majority’s conclusion that the probable cause affidavit failed to establish the Cl’s credibility and, consequently, that there was a lack of probable cause. I part ways with the majority, however, in the application of the good faith exception.
[42] The good faith exception to the exclusionary rule was originally announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). As explained by our Supreme Court,
Leon held that where police officers rely in objective good faith on a warrant later found to be defective, so that suppression would not further the exclusionary rule’s objective of deterring police misconduct, the Fourth Amendment does not require that the evidence be excluded. However, the Supreme Court cautioned in Leon that certain police conduct would not qualify for the exception, including where the warrant was based on an affidavit “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.”
Figert v. State, 686 N.E.2d 827, 831 (Ind.1997) (quoting Leon, 468 U.S. at 923, 104 S.Ct. 3405).
[43] In this case, Detective Fortune’s affidavit included the following attestations:
• Detective Fortune spoke with a Cl, who reported that a person named “Dave,” who lived in a farmhouse in northern Posey County, was involved in the manufacture of methamphetamine.
• The Cl reported that s/he had purchased methamphetamine from “Dave” within the last three or four months.
• The Cl reported that s/he had witnessed “Dave” trading methamphetamine to other persons in exchange for boxes of pseudoephedrine pills, money, and a muzzle loader firearm.
• The Cl reported “Dave’s” farmhouse contained assault rifles, shotguns, and handguns.
• The Cl reported that s/he personally observed “Dave” manufacture methamphetamine in the barn and farmhouse.
• The Cl also reported that “Dave” kept anhydrous ammonia, a common ingredient used to manufacture methamphetamine, on his property.
• The Cl confirmed to Detective Fortune that s/he had experience in the illegal manufacture of methamphetamine and was familiar enough with the process to be able to identify it.
• The Cl stated that s/he had provided useful information regarding drug activity to Officer Greg Hannish in southern Illinois approximately eight years ago. Detective Fortune contacted Officer Hannish, who confirmed the Cl’s statement.
• The Cl drew a general map of the area leading to “Dave’s” home and a map of the layout of the property itself.
• Detective Fortune was familiar with Cartwright, who lives in a farmhouse in northern Posey County. The location of Cartwright’s residence is consistent with the map drawn by the Cl. The layout of Cartwright’s property, *673 including building locations, is consistent with the map drawn by the CI.
• Approximately four years earlier, Detective Fortune was driving in the area of Cartwright’s residence when he observed a “fog haze” emanating from the home and could smell anhydrous ammonia. At that time, the prosecutor declined to seek a search warrant based on that information.
Appellant’s App. p. 22-42. I agree that there was insufficient investigation done to establish the credibility of the CI. I also’ agree that each of these alleged facts, taken alone, does not establish probable cause. But I believe that the totality of these allegations easily exceed the threshold described by the United States Supreme Court in Leon. In other words, I do not believe that this affidavit is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Leon, 468 U.S. at 923, 104 S.Ct. 3405.[2]
[44] This conclusion does not end the inquiry, however, inasmuch as Detective Fortune was both the affiant and one of the police officials who executed the search warrant. Under certain circumstances, this overlap can render the good faith exception inapplicable. In Figert, our Supreme Court considered precisely this issue: “[b]ecause the same officer here filed the probable cause affidavit and participated in the execution of the warrant based on the affidavit, we must decide whether the officer’s reliance on the warrant was entirely unreasonable notwithstanding the magistrate’s decision to issue the warrant.” 686 N.E.2d at 831-32.
[45] The Figert Court noted that “[m]ost Indiana appellate decisions upholding the admission of evidence under the good faith exception involved reliance on hearsay whose credibility was later found to be inadequately established.” Id. at 832. In Figert, however, “the officer obtained the warrant primarily based on his own observations and firsthand knowledge.” Id. Under those circumstances, “the officer’s own opinion ... cannot be relied on to authorize a search not supported by the facts.” Id. at 833. Consequently, the Figert Court found that the officer’s reliance was not objectively reasonable under Leon, and the good faith exception was inapplicable.
[46] Here, as opposed to Figert, Detective Fortune was relying primarily on “technically flawed hearsay ... that in hindsight might make reliance on the warrant objectively reasonable.” Id. at 832. The vast majority of allegations supporting the request for a search warrant rested solely on the CI. And while I ultimately agree that the credibility of the CI was insufficiently established such that the hearsay amounted to probable cause, Detective Fortune’s reliance on the Cl’s allegations and the warrant itself were objectively reasonable. As a result, the fact that Detective Fortune both signed the affidavit and helped to execute the warrant do not render the good faith exception inapplicable. See United States v. Kinison, 710 F.3d 678, 686-87 (6th Cir.2013) (holding that where the government was not relying on subjective knowledge of the affiant, the fact that affiant also helped to execute the warrant does not prevent application of the good faith exception).
*674 [47] Because I believe that this warrant was executed in good faith, notwithstanding the lack of probable cause, I would affirm the trial court’s admission of the evidence seized in the execution of that warrant.

. The fact that Detective Cartwright omitted the information that the CI was currently incarcerated in the Posey County Jail does not change my analysis. The detective was merely withholding that information in an attempt to protect the identity and safety of the CI, which seems entirely prudent given the threatening statements made by Cartwright in the Cl’s presence.